[Civ. No. 4913. First Appellate District, Division One.—**April 15,** 1925.]

## FERDINAND HOLDENER et al., Appellants, v. EDWARD A. HOWARD, Respondent.

[1] VENDOR AND VENDEE—OPTION TO PURCHASE—DELIVERY OF POSSESSION—TIME—FINDINGS.—In an action to recover an amount paid by plaintiffs upon an option to purchase certain lands from defendant, the plaintiffs cannot successfully claim that possession of the lands was to be delivered to them at the time of the exercise of the option, where the appeal is on the judgment-roll alone, and the trial court found, in substance, that it was not true, as alleged in the complaint, that it was ever intended to provide for possession of the premises upon the exercise of the option to purchase, but, on the contrary, defendant informed them that he would and could not make any agreement as to possession and that the option was given subject to the possessory rights of the tenant, of which rights plaintiffs were thoroughly familiar.

[2] ID.—OPTION—POSSESSION—DELIVERY — FORFEITURE — CONSIDERATION.—A vendor must be ready at all times during the life of an option contract to convey an unclouded title and he cannot insist upon a forfeiture if he is unable to perform the contract on his part for want of title, as there is in such a case a complete failure of consideration.

[3] ID.—DELIVERY OF POSSESSION—TIME—CONSIDERATION—FINDINGS.— In such action, the claim of plaintiffs that there was a total failure of consideration for the reason that defendant was at no time in a position to make delivery upon the day stipulated by reason of the existence of a lease upon the premises cannot be sustained, where there is an express finding that the contract set forth in the complaint did not nor was it intended to provide for posses-

---

2. See 27 R. C. L. 347.

sion of the premises upon the exercise of the option which the trial court further found was never exercised, although defendant was ready, able, and willing at all times to perform.

(1) 4 C. J., p. 735, n. 27.   (2) 39 Cyc., p. 1375, n. 8.   (3) 39 Cyc., p. 1409, n. 24.

APPEAL from a judgment of the Superior Court of Alameda County. Dudley Kinsell, Judge. Affirmed.

The facts are stated in the opinion of the court.

Ernest K. Little for Appellants.

Cary Howard for Respondent.

TYLER, P. J.—Action to recover the sum of five hundred dollars paid by plaintiff, upon an option to purchase certain lands.

The complaint in substance alleges that defendant on December 5, 1919, entered into a written contract with plaintiffs and one Dettling whereby in consideration of the sum of five hundred dollars he agreed to give such parties the right, privilege, and option to purchase on May 5, 1920, for the sum of twenty-four thousand seven hundred dollars, certain real estate, upon terms set forth in the option agreement. Plaintiffs and Dettling were engaged in the dairy business and in the conduct thereof owned a large herd of milk-producing cattle, and were desirous of purchasing the property for use in their business. The complaint recites it was intended by the agreement to provide for the possession of the property and that defendant was so informed and knew that the proposed purchasers did not and would not desire to acquire the land or any part thereof except that they would obtain immediate possession upon the exercise of the option.

It is then alleged that plaintiffs knew that there was some party other than defendant in possession of the lands either as tenant or otherwise and that they were informed that defendant would be able to oust the tenant and obtain possession of the premises prior to May 5, 1920. That believing such statement the sum of five hundred dollars was paid by them for the purchase of the option, and that defendant

thereafter commenced a suit to recover the possession of the property, but judgment went against him, the tenant's right to possession in the premises being established in him up to and including September 30, 1920, a period beyond the time fixed for possession under the option agreement. Then follows an allegation of assignment by Dettling of his interest in the agreement to plaintiffs.

Defendant, answering, admitted that the parties entered into a written contract whereby, in consideration of the sum of five hundred dollars, he did give to plaintiffs and Dettling an option to purchase the lands in question in accordance with the terms of a written agreement and not otherwise.

The answer denies that the contract provided for or was intended to provide for possession of the premises by the proposed purchasers upon the exercise of the option and it avers oral negotiations preceding its execution to the effect that the proposed purchasers well knew that a tenant was in possession thereof and that the lease under which he held had not by its terms then expired, and that the option agreement was entered into subject to the possessory rights of the tenant.

The trial court found, among other things, in substance that it was not true, as alleged in the complaint, that it was ever intended to provide for possession of the premises by the vendees upon the exercise of the option to purchase, but, on the contrary, defendant informed them that he would and could not make any agreement as to possession and that the option was given subject to the possessory rights of the tenant of which rights they were thoroughly familiar.

The judgment was that the plaintiffs take nothing by the action.

[1] Plaintiffs appeal on the judgment-roll alone, and they claim that the findings do not support the judgment. The option agreement contained, among others, provisions to the effect that plaintiffs should keep the premises insured and pay the taxes on the lands and that they would not nor permit any other person to commit waste or damage to the buildings located on the premises or to the wood or standing timber located on the land. Appellant argues that these provisions clearly indicate that possession at the time

of the exercise of the option was contemplated by the parties, as it would be unreasonable to require the plaintiffs to pay the insurance and taxes and protect the buildings and timber from damage and waste unless they were to be entitled to the use and enjoyment of the property.

In support of this contention we are cited to the case of *Pearce* v. *Edwards*, 150 Cal. 650 [89 Pac. 600]. It is there held in substance that a written contract for the sale and purchase of real estate which by its terms provides that the vendor agrees to sell certain land to the vendee for a specified sum and to deliver the same on a specified date, and the vendee agrees to take the land and pay the amount so specified, imposes the obligation on the vendor to put the vendee in the actual physical possession of the land, and until such possession is tendered the vendee is not in default. It is there further held that the fact that the purchaser knew at the time of the contract that the land was in the possession of the tenants cannot be considered in construing the contract so as to make the obligation to deliver one subject to the lease.

Here, however, the findings of the trial court expressly negative any such implication. Defendants by answer set forth the oral negotiations surrounding the execution of the agreement. As the evidence is not before us, we must take the findings as true. Appellants further claim that there was a total failure of consideration, as the defendant was at no time in a position to make delivery upon the day stipulated by reason of the existence of the lease.

[2] It is true that a vendor must be ready at all times during the life of an option contract to convey an unclouded title and that he cannot insist upon a forfeiture if he is unable to perform the contract on his part for want of title, as there is in such a case a complete failure of consideration. [3] Here, however, there is an express finding that the contract set forth in the complaint did not nor was it intended to provide for possession of the premises upon the exercise of the option which the trial court further found was never exercised, although defendant was ready, able, and willing at all times to perform.

The claim of appellants, therefore, that they were entitled to actual possession is contrary to the express findings on

the subject, which, in the absence of evidence, are here controlling.

All the allegations of the complaint which are essential to plaintiffs' right to recover are found by the trial court to be untrue.

There being no evidence before us, these findings must be taken as true.

This being so, it follows that the judgment should be, and it is hereby, affirmed.

Knight, J., and Cashin, J., concurred.